IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| NANCY PERILSTEIN, <br><br> Plaintiff, <br><br> v. <br><br> DELOITTE & TOUCHE LLP, *et al.*, <br><br> Defendants. | Civil No. 22-1871 (RMB/EAP) <br><br> **MEMORANDUM OPINION & ORDER** |

**RENÉE MARIE BUMB,** United States District Judge

This matter comes before the Court upon the parties' pre-motion letters, [Docket Nos. 8, 9], the Court's pre-motion conference, [*see* Docket No. 16], and Plaintiff's sub(a)sequent letter indicating no opposition to transferring this matter, [Docket No. 17]. For the reasons expressed herein, the Court will transfer this matter to the United States District Court for the Eastern District of Pennsylvania, pursuant to 28 U.S.C. § 1404(a).

I. **BACKGROUND**

Defendants Deloitte & Touche LLP, Deloitte LLP, and Deloite Touche Tohmatsu Limited (collectively, "Deloitte") are entities with places of business in Philadelphia, Pennsylvania. [Docket No. 1, ¶¶ 3–5.] Plaintiff Nancy Perilstein is a New Jersey citizen who worked for Deloitte, out of their Philadelphia office, beginning in approximately April 2011. [*Id.* ¶¶ 1, 18, 19.] Plaintiff also regularly

worked from her home in Cherry Hill, New Jersey, during her tenure with Deloitte. [*Id.* ¶ 20.] Deloitte terminated Plaintiff's employment "on or about June 8, 2020, . . . effective June 9, 2020." [*Id.* ¶ 44.] Plaintiff alleges that this, as well as actions leading up to the termination of her employment, violated the Age Discrimination in Employment Act ("ADEA"), the New Jersey Law Against Discrimination (the "NJLAD"), the Pennsylvania Human Relations Act (the "PHRA"), and the Philadelphia Fair Practices Ordinance (the "PFPO"). [*See generally id.*]

After the parties exchanged pre-motion letters in accordance with this Court's Individual Rules, [Docket Nos. 8, 9], the Court *sua sponte* raised the issue of whether this case should be transferred to the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1404(a), [*see* Docket No. 16]. The parties subsequently notified the Court, at its request, that "Plaintiff has no objection to the transfer of this matter to the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1404(a)" and that "Defendants take no position on this issue." [Docket No. 17.]

II.   **LEGAL STANDARD AND ANALYSIS**

Section 1404(a) of Title 28 of the United States Code provides that: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). As the Third Circuit has written,

> In ruling on § 1404(a) motions, courts have not limited their consideration to the three enumerated factors in § 1404(a) (convenience of parties, convenience of witnesses, or interests of justice), and, indeed, commentators have called on courts to "consider all relevant factors to determine whether on balance the litigation would more conveniently

proceed and the interests of justice be better served by transfer to a different forum."

*Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995) (quoting 15 CHARLES A. WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE: JURISDICTION AND RELATED MATTERS § 3847 (2d ed. 1986)). The Third Circuit went on to categorize the various factors in terms of private interests and public interests. *Id.* This Court will address those factors in turn.

### A. Private Interest Factors

As *Jumara* delineates, the Court must consider the following private interest factors when determining whether a Section 1404(a) transfer is appropriate:

> plaintiff's forum preference as manifested in the original choice; the defendant's preference; whether the claim arose elsewhere; the convenience of the parties as indicated by their relative physical and financial condition; the convenience of the witnesses—but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum).

*Id.* (internal citations omitted).

Here, the Court finds that the most important private interest to consider is the third one—whether the claim arose elsewhere. Although Plaintiff alleges that she sometimes worked from home in New Jersey (including before the pandemic), by all accounts the employment relationship was based in Pennsylvania. Therefore, at least for the purposes of this Opinion, the Court concludes that the claims arose in Pennsylvania, cutting in favor of transferring the case.

As to the first and second factors—the parties' preferred fora—the Court notes that a plaintiff's choice of forum is generally "a paramount consideration" to transfer determinations, *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970), and "should not be lightly disturbed," *Jumara*, 55 F.3d at 879. Here, however, Plaintiff's choice of forum—New Jersey—warrants less deference because, as noted above, the operative facts are most directly connected to Philadelphia, as opposed to New Jersey. *See, e.g.*, *Goldstein v. MGM Grand Hotel & Casino*, 2015 U.S. Dist. LEXIS 150982, at *2 (D.N.J. Nov. 5, 2015) ("[T]he plaintiff's choice of forum is discounted significantly where 'the case has little connection with the chosen forum,' and the nucleus of operative facts occurred elsewhere.") (quoting *Job Haines Home for the Aged v. Young*, 936 F. Supp. 223, 227–28 (D.N.J. 1996)); *Newcomb v. Daniels, Saltz, Mongeluzzi & Barrett, Ltd.*, 847 F. Supp. 1244, 1246 (D.N.J. 1994) ("[C]ourts assign the plaintiff's choice of forum significant weight unless the case has little connection with the chosen forum."). Moreover, the Court notes that Plaintiff's preference as indicated in her original choice of forum is discounted significantly by the fact that she does not oppose the transfer to the Eastern District of Pennsylvania. Similarly, Defendants have not taken a position on the issue of transfer, so their preference (or lack thereof) does not affect the Court's analysis.

As for the fourth factor—essentially, the ease with which the parties can access the transferee forum—the Court finds that the parties can access either forum with relative ease. Therefore, this factor is neutral.

The same is true for the fifth and sixth factors, since there is no indication that any witnesses may be unavailable for trial in either forum or that any books and records could not be produced in either forum.

Therefore, the Court finds that the private interest factors favor transferring this case to the Eastern District of Pennsylvania.

### B. Public Interest Factors

*Jumara* defines the public interest factors as:

> the enforceability of the judgment; practical considerations that could make the trial easy, expeditious, or inexpensive; the relative administrative difficulty in the two fora resulting from court congestion; the local interest in deciding local controversies at home; the public policies of the fora; and the familiarity of the trial judge with the applicable state law in diversity cases.

*Jumara*, 55 F.3d at 879–80 (citations omitted).

The first factor—the enforceability of the judgment—is likely neutral because Plaintiff is unlikely to encounter difficulty enforcing any judgment, whether in Pennsylvania or New Jersey, against Defendants.

The second factors—the practical considerations—favors transferring this matter to the Eastern District of Pennsylvania. Primarily, given that the issues in this case arose out of employment that occurred primarily in and was based out of Philadelphia, it is more practical for the matter to be tried in Pennsylvania, since it is anticipated that much of the relevant evidence and witnesses would also be located in Pennsylvania.

The third factor—the administrative considerations—is neutral. Neither of the two fora in question are experiencing judicial emergencies, and both would be in a position to easily accommodate this trial.

The fourth factor—the public policies of the fora—cuts in favor of transferring the case. This Court's interest in this matter is relatively minor, its only connection is that Plaintiff resided in New Jersey and sometimes worked from home during her employment. Conversely, because the parties' employment relationship was based primarily in Philadelphia, this would be a more "local" controversy in the Eastern District of Pennsylvania. Given that Plaintiff's job was based in Pennsylvania, courts there would have a strong interest in adjudicating the dispute.

Finally, the fifth factor—the Court's familiarity with the applicable law—favors transferring this case. While federal district courts are generally well-equipped to apply the laws of other states and frequently do so in diversity cases, this matter includes two Pennsylvania-specific laws, one of which (the PFPO) this Court has virtually no experience with. The Eastern District of Pennsylvania is thus better suited to apply the relevant law in this instance.

Therefore, the Court concludes that the private interest factors also favor transferring this case to the Eastern District of Pennsylvania.

### III.  CONCLUSION

For the reasons expressed herein, the Court finds that the private and public interest factors weigh in favor of transfer. Therefore, the Court will transfer this matter to the Eastern District of Pennsylvania, pursuant to 28 U.S.C. § 1404(a).

**ACCORDINGLY**, it is on this **4th** day of **August** 2022, hereby

**ORDERED** that this case be **TRANSFERRED** to the United States District Court for the Eastern District of Pennsylvania, pursuant to 28 U.S.C. § 1404(a).

s/Renée Marie Bumb
Renée Marie Bumb
United States District Judge
